# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| WILLIAM SCHAMP, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNCOAST CREDIT UNION,<br><br>Defendant. | Case No. 8:25-CV-02064 |

**DEFENDANT SUNCOAST CREDIT UNION'S
UNOPPOSED MOTION FOR EXTENSION OF TIME
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Suncoast Credit Union ("Suncoast"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), hereby respectfully requests an extension of time for Suncoast to respond to Plaintiff's Complaint. In support of this Motion, Defendant states:

1. Plaintiff filed this action against Suncoast on August 4, 2025. This Court dismissed the complaint without prejudice and granted Plaintiff leave to amend the complaint. Plaintiff filed an amended complaint on August 11, 2025, and served the complaint on Defendant Suncoast on September 29, 2025.

2. Suncoast's response to Plaintiff's Complaint is currently due October 20, 2025.

3. On October 16, 2025, Defendant's counsel communicated via e-mail with Plaintiff's counsel to request a thirty-day extension of time for Defendant to file

4899-5690-2772

a response to the Complaint. Counsel have therefore conferred and Plaintiff's counsel is agreeable to Suncoast's request for a thirty-day extension of time to formulate its response to Plaintiff's Complaint.

4. Defendant respectfully suggests that such an extension will facilitate the presentation of any legal issues to the Court and further judicial economy and efficiency.

5. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), a court may grant an enlargement of time for "good cause" if a request is made before the expiration of the relevant deadline. Fed. R. Civ. P. 6(b)(1)(A). See *Schwartz v. Bank of Am. Pension Plan for Legacy Cos.*, No. 8:17-cv-2858-T-36AAS, 2018 U.S. Dist. LEXIS 62551, at *3 (M.D. Fla. Apr. 13, 2018) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)) ("When a request for an extension of time is made before the applicable deadline has passed, the extension should normally be granted in the absence of bad faith or prejudice to the adverse party."). Here, Defendant's request is timely. Moreover, good cause exists as set forth above. No party will be prejudiced by the requested extension, which is brief in nature and will result in the efficient presentation of issues to the Court. Nor will the Court be prejudiced by the requested extension. Indeed, this Motion is made in good faith and not for the purposes of delay.

WHEREFORE, Defendant respectfully requests that the Court enter an Order granting a thirty-day extension of time for Suncoast to respond to Plaintiff's Complaint by November 19, 2025.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), counsel for Defendant conferred with Plaintiff's counsel via email on June 6, 2025, who does not oppose this Motion.

Dated: October 17, 2025

                                            Respectfully submitted,

/s/ *Melissa N. Madsen*
Melissa N. Madsen (FBN 065416)
E-Mail: mmadsen@shb.com
Alfred J. Saikali (FBN 0178195)
SHOOK, HARDY & BACON L.L.P.
E-Mail: asaikali@shb.com
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, FL 33131
Tel: (305) 358-5171

Ara K. Ayvazian (FBN 1004407)
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, Florida 33602
Tel: (813) 202-7100
E-Mail: aayvazian@shb.com

*Counsel for Defendant*

4899-5690-2772

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Service through the CM/ECF E-Filing Portal to all counsel of record registered to receive such service on this 17th day of October, 2025.

/s/ *Melissa Madsen*
Melissa Madsen